IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2007 MAY 15 PM 2: 47

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

GLORIA TELLES, Individually and as §
Next Friend of JACOB TELLES, a minor, §
§
§          Plaintiff,          §
§
v.                             §
§
PFIZER, INC.,                  §
§
§          Defendant.          §

CIVIL ACTION NO. _____

JURY REQUESTED

*Pending Transfer to MDL-1629*
*(In re Neurontin Marketing, Sales*
*Practices and Prods. Liab. Litig.)*

EP07CA0161

## EXHIBITS TO DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL

EXHIBIT 1   List of All Parties & Status of Case

EXHIBIT 2   Certified copy of state court docket sheet and copy of state court file

EXHIBIT 3   List of Attorneys

EXHIBIT 4   Record of Parties Requesting Trial by Jury

EXHIBIT 5   State Court Information

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES, a minor,<br><br>      Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>JURY REQUESTED<br><br>*Pending Transfer to MDL-1629*<br>*(In re Neurontin Marketing, Sales*<br>*Practices and Prods. Liab. Litig.)* |

## LIST OF ALL PARTIES & STATUS OF CASE

### Status of Case

The above referenced matter currently is pending in the 346th Judicial District Court of El Paso County, Texas, styled *Gloria Telles, Individually and as Next Friend of Jacob Telles, a minor v. Pfizer Inc.,* Cause No. 2007-1548.

### Plaintiff

Gloria Telles, Individually and as Next Friend of Jacob Telles, a minor

### Defendant

Pfizer Inc. [incorrectly named as "Pfizer, Inc."]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES, a minor,<br><br>    Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>JURY REQUESTED<br><br>*Pending Transfer to MDL-1629*<br>*(In re Neurontin Marketing, Sales*<br>*Practices and Prods. Liab. Litig.)* |

## INDEX OF STATE COURT PLEADINGS

1.  Certified Copy of Docket Sheet

2.  Plaintiff's Original Petition

3.  Citation

4.  Defendant Pfizer Inc.'s Motion to Transfer Venue and, Subject Thereto, Original Answer

5.  Notice to State Court of Filing Notice of Removal

6.  Notice to Plaintiff of Filing Notice of Removal

Case No. 2007-1548
El Paso County

April 10th, 2007
11:28am

## TELLES, GLORIA vs. PEIZER INC

Filed : 04/02/2007
Status: Filed
Type: PI(O)

Judge
ANGIE JUAREZ BARILL

Court Reporter

| Date | | Volume | Page |
|------|------|--------|------|
| | Events & Orders of the Court | | |
| 04/02/07 | PLN ORIGI PETI | | |
| 04/04/07 | CITATION BY ATTORNEY Issued -Defendant, PFIZER INC | | |

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk

By _____ DEPUTY

APR 1 0 2007

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as | )( | |
| Next Friend of JACOB TELLES, | )( | |
| a minor, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | |
| v. | )( | No. 2007-1578 |
| | )( | |
| PFIZER, INC., | )( | |
| | )( | |
| Defendant. | )( | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GLORIA TELLES, Individually and as Next Friend of JACOB TELLES, a minor, complains of Defendant, PFIZER, INC., as follows:

This is a Level II discovery case.

### FIRST CAUSE OF ACTION

For a first cause of action, Plaintiff alleges as follows:

#### I.

At all times relevant to this action, Plaintiff GLORIA TELLES, Individually and as Next Friend of JACOB TELLES, a minor, resided in El Paso County, Texas.

Defendant PFIZER, INC., is an out of state foreign corporation lawfully doing business in the State of Texas. The Defendant manufactures drugs and pharmaceuticals for sale to retail dealers, in this case Wal-Mart. Defendant PFIZER, INC., can be served by serving its registered agent CT Corporation Systems, 350 St. Paul Street, Dallas, Texas 75201.

## II.

On or about March 30, 2005, Plaintiff GLORIA TELLES obtained a prescription from her physician, Dr. Jagdist Patel, of El Paso, Texas, who is duly licensed to practice medicine in the State of Texas. The prescription was for a certain drug known as Neurontin. The prescription was refillable. Plaintiff had filled the prescription at the Wal-Mart pharmacy numerous times in the past.

## III.

The person who filled the prescription was a licensed pharmacist or based on drugs supplied by one of Defendant corporation's agents, servants, or employees, who was at all times relevant to this action acting within the course and scope of their employment.

## IV.

The prescription was so negligently and carelessly filled that the container contained a totally wrong dosage of medication from that prescribed.

## V.

Plaintiff GLORIA TELLES used the medicine on her son JACOB TELLES, a minor, furnished by Defendant according to the instructions given Plaintiff by Jacob Telles' physician. At all times material to this petition, Plaintiff GLORIA TELLES exercised due care in the use of the medication.

## VI.

As a direct and proximate result of Defendant's actions, the minor Plaintiff JACOB TELLES suffered serious and permanent personal injuries, has incurred and will continue to incur medical and hospital expenses, great pain of body and mind, has and will be unable to

pursue his usual daily activity, impairing his ability.

## VII.

Defendant negligently and carelessly or in a grossly negligent fashion filled Plaintiff's prescription. Defendant was negligent in that it negligently and carelessly, inter alia: (a) shorted the prescription; (b) gave Plaintiff the wrong prescription; ( c ) labeled or failed to properly warn Plaintiff of the harmful side effects of taking the medication that Plaintiff was given. As a direct and proximate result of Defendant's negligence, Plaintiffs have been injured as set forth above.

## VIII.

As a result of the above-described acts of the Defendant, Plaintiffs have suffered damages in an amount within the jurisdictional limits of this court.

## SECOND CAUSE OF ACTION (Breach of Implied Warranty)

For a second cause of action, Plaintiff realleges and incorporates by reference paragraphs I through IX, inclusive, of the First Cause of Action and further alleges:

## IX.

Defendant is regularly engaged in the business of manufacturing, advertising, selling, mixing, compounding, and prescribing prescription medicines.

## X.

By the nature of the prescriptions filled for Plaintiff JACOB TELLES in the past, Defendant and its agents, servants, and employees knew, or in the exercise of due care should have known that Plaintiff JACOB TELLES suffers from seizures and that Plaintiff regularly has a prescription for anti seizure medication filled at a pharmacy.

## XI.

At all time material to this petition, Defendant impliedly warranted to Plaintiffs that the medication which was sold to Plaintiffs was safe, merchantable, would conform to the label, was adequately contained, packaged and labeled, and was fit for the ordinary purposes for which it was intended.

## XII.

Plaintiffs relied upon this implied warranty of merchantability in making the purchase and in taking the drug. Plaintiffs used the product as directed.

## XIII.

Defendant breached this implied warranty of merchantability by delivering to Plaintiff drugs that were not of the type stated on the label to their container.

## XIV.

Written notice of breach the implied warranty was given to Defendant on November 17, 2007.

## XV.

As a direct and proximate result of this breach, Plaintiffs GLORIA TELLES and JACOB TELLES have been damaged as set forth above.

## THIRD CAUSE OF ACTION (Breach of Express Warranty)

For a third cause of action, Plaintiff realleges and incorporates by reference paragraphs I through XIII, inclusive, of the First and Second Causes of Action, and further alleges:

## XVI.

Plaintiff relied upon the skill and judgment of the pharmacist, Wal-Mart, to correctly

fill the prescription of Plaintiff JACOB TELLES' physician.

## XVII.

Immediately before selling the medication to Plaintiff, Defendant and its agents and employees placed a label on the medication indicating that the bottle contained "Neurontin," and that this was the medication prescribed by Plaintiff's physician.

## XVIII.

The label placed on the container, and the oral and written instructions and directions given to Plaintiff by Defendant created an express warranty to Plaintiff that the medication was in fact "Neurontin," that it was the medication prescribed by Plaintiff's physician, and that the medication was safe and fit for the uses prescribed by the physician.

## XIX.

Defendant and its agents and employees breached this warranty by giving to Plaintiff a medication other than the medication prescribed. The medication Plaintiff received did not comply with Defendant's express warranty, was unsafe, unfit for the uses it was intended, not merchantable, or unfit for any use by the Plaintiffs.

## XX.

As a direct and proximate result of this breach of warranty, Plaintiffs have been injured as set forth in this petition.

## FOURTH CAUSE OF ACTION (DTPA Violation)

For a fourth cause of action, Plaintiff realleges and incorporates by reference paragraphs I through XX, inclusive, of the Second, and Third Causes of Action, and further alleges as follows:

## XXI.

Plaintiffs are "consumer" as defined in the DTPA as to Defendants because they sought or acquired goods or services by lease or purchase in the above described transaction on which Plaintiff's claim is based.

## XXII.

More than 60 days before filing this action, Plaintiff delivered to Defendant a demand letter detailing her claim for damages, including the amount of their claim. All conditions precedent to Plaintiffs' recovery in this action have been performed or have occurred.

## XXIII.

The Defendant failed to tender payment or present an adequate offer to settlement in writing in response to Plaintiffs' demand letter within the 60 day period after the Defendant received demand letter.

## XXIV.

Defendant knowingly breached an express or implied warranty so as to be a producing causes of damages to Plaintiffs.

## XXV.

As a result of Defendant's conduct, Plaintiffs have been injured in that they caused severe seizures to JACOB TELLES' brain which caused severe damage and pain and suffering as set out above.

## XXVI.

To pursue her claim against Defendant, Plaintiffs have had to retain Miranda & Boyaki, as their attorneys and has agreed to pay that law firm reasonable fees for their services in

maintaining Plaintiffs' claim until final judgment on the claim. Plaintiffs are entitled to recover those fees from Defendant under Business & Commerce Code section 17.50(d).

Plaintiff GLORIA TELLES has complied with the provisions of Section 4.01(a) of Article 4590(I) V.A.C.S. and has sent notice of her claim to Defendant.

## CLAIM FOR RELIEF

Plaintiffs request that Defendant be cited to appear and answer, and that on final hearing, Plaintiffs have:

1. Actual damages in an amount within the jurisdictional limits of this court.

2. Automatic doubling of the first $1000 of actual damages.

3. Trebling of all actual damages in excess of $1000 under Business & Commerce Code section 17.50(b)(1).

4. Attorney fees through entry of final judgment in this action.

5. Prejudgment interest at the legal rate on all non-liquidated damages and postjudgment interest at the legal rate after entry of judgment.

6. Costs of this suit.

7. Such other relief as the court finds proper.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By: _____
WALTER L. BOYAKI
Attorney for Plaintiff
State Bar No. 02759500



DELIVERED BY *MAB*
DATE *4 – 16 07*

# THE STATE OF TEXAS

## Issued but not Prepared by Clerk

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:** **PFIZER, INC., its Registered Agent, CT CORPORATION SYSTEM, 350 N. St. Paul St., Dallas, Texas 75201**

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock of the Monday next after the expiration of twenty days after the date of service of this citation before County Court at Law Number 6 of <u>El Paso</u> County, Texas, at the Court House of said County in <u>El Paso,</u> Texas.

Said Plaintiff's Petition was filed in said court, by **John Mundle**, (Attorney for Plaintiff), whose address is <u>4621 Pershing Drive, El Paso, Texas 79903,</u> on the <u>2nd</u> day of April 2007, in this case, numbered No. <u>2007-1598</u> on the docket of said court, and styled,

> **Gloria Telles, Individually and and Next Friend of Jacob Telles, a minor**
>
> **Plaintiff,**
>
> **v.**
>
> **Pfizer, Inc.,**
>
> **Defendant.**

The nature of Plaintiff(s) demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at <u>El Paso</u>, Texas, this the <u>3rd</u> day of <u>April</u> A.D. 2006.

**CLERK OF THE COURT**

**GILBERT SANCHEZ, District Clerk**
**103 COUNTY COURTHOUSE**
**500 E. SAN ANTONIO**
**EL PASO, TEXAS 79901**

Attest: GILBERT SANCHEZ, Clerk District Court, El Paso County, Texas

BY: _S. Dalumgmer_, Deputy

**(SEAL)**

Came on hand on _____ day of _____, 20_____, at _____ o'clock
_____ M. and executed in _____ County, Texas, by delivering to
each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the
following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

                                            _____ County, Texas

    Total _____ $ _____   By _____, Deputy

                                            _____ Process Server

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at ___ _____ o'clock ___ m. this copy of this instrument.

                                            _____, Sheriff

                                            _____ County, Texas

                                        By _____, Deputy

                                            _____ Process Server

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.

        (SEAL)                    _____

                                  NOTARY PUBLIC, STATE OF TEXAS

Filed
07 May 4 P12:57
Gilbert Sanchez
District Clerk
El Paso District

CAUSE NO. 2007-1548

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as | § | IN THE DISTRICT COURT OF |
| Next Friend of JACOB TELLES, | § | |
| a minor, | § | |
| | § | |
| Plaintiff, | § | EL PASO COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., | § | |
| | § | |
| Defendant. | § | 346th JUDICIAL DISTRICT |

## DEFENDANT PFIZER INC.'S MOTION TO TRANSFER VENUE
## AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pfizer Inc. (incorrectly named as "Pfizer, Inc.," and hereinafter referred to as "Pfizer" or "Defendant"), and files this its Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's Original Petition. Defendant respectfully would show the Court as follows:

### I.

### MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability action in which Plaintiff Gloria Telles, Individually and as Next Friend of Jacob Telles, a minor, alleges that Jacob sustained injuries as a result of ingesting the prescription medication Neurontin® ("Neurontin"). *See, e.g.,* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at Part VI. Plaintiff maintains that Pfizer is liable for those injuries under theories of negligence and breach of warranties, as well as for violations of the Texas Deceptive Trade Practices Act. *See id.* at Parts I-XXVI.

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in El Paso County. Indeed, the Petition is silent regarding any venue allegations and does

1

not plead any connection to El Paso County. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve its right to challenge venue if the facts establish that venue in El Paso County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions applies, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of Defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

(4)    specifically denies that Plaintiff resided in the county of suit at the time Plaintiff's purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiff's pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiff's claims. Defendant, therefore, requests that it be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after it has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

2

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to its Motion to Transfer Venue, Defendant denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Subject to its Motion to Transfer Venue, and without assuming the burden of proof of such defenses that it would not otherwise have, Defendant affirmatively asserts the following defenses:

1. Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

3. Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

4. Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

5. Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver, ratification, estoppel, and unclean hands and any other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

6. Defendant affirmatively denies it violated any duty owed to Plaintiff.

7. Plaintiff's recovery, if any, is barred entirely, or should be reduced, by Plaintiff's comparative negligence.

3

8. The damages alleged by Plaintiff were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9. This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10. If Plaintiff settles with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

11. Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Defendant.

12. Plaintiff's alleged damages were not proximately caused by any act or omission of Defendant.

13. The producing causes of the damages Plaintiff allegedly suffered were acts or omissions of some person, cause, or entity other than Defendant.

14. Plaintiff's alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of, or product manufactured or placed in the stream of commerce by, Defendant.

15. Plaintiff's damages, if any, were caused by changes and/or alterations to Defendant's products made by persons not within Defendant's control.

16. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Neurontin, if any, used in this case, included adequate

warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17. Plaintiff's claims are barred because Neurontin was designed, tested, manufactured, and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18. Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

19. Defendant provided adequate warnings and complete warnings to the Plaintiff's prescribing physician(s). Therefore, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20. Based on the state of scientific, medical, and technological knowledge at the time that Neurontin was marketed, Neurontin was reasonably safe for its normal and foreseeable use at all relevant times.

21. Plaintiff's claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

22. Plaintiff's claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

23. Plaintiff's claims against Defendant are barred under Sections 2, 4, and 6 *et seq.* of the Restatement (Third) of Torts: Product Liability. Alternatively, Plaintiff's claims are barred because the product's benefits outweighed its risks.

24. Plaintiff's claims are barred in whole or in part because Neurontin "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

26. Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

27. To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

28. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

29. The damages, if any, recoverable by Plaintiff must be reduced by any amount of damages legally caused by Plaintiff's failure to mitigate such damages in whole or in part.

30. Plaintiff's claims are barred in whole or in part by unforeseeable product misuse and/or abnormal or unintended use of the product.

31. Plaintiff's claims are barred by the failure to comply with conditions precedent to the right to recover.

32. Plaintiff's claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Plaintiff's alleged injuries.

33. Plaintiff's claims must be dismissed because Plaintiff would have taken Neurontin even if the product labeling contained the information that Plaintiff contends should have been provided.

34. Plaintiff's claims are barred in whole or in part by intervening and/or superseding acts.

35. Plaintiff's claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

36. Plaintiff's claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

37. Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks. Specifically, Plaintiff gave informed consent to the prescribing physician(s) before taking Neurontin, alone or in combination with any other drug(s).

38. Plaintiff's injuries, if any, were caused by an idiosyncratic reaction to the product for which Defendant cannot be held responsible.

39. The duty to obtain Plaintiff's informed consent prior to prescribing Neurontin, alone or in combination with any other drug(s), rested solely with the prescribing physician(s).

40. Plaintiff may not assert a claim against Defendant for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

41. Any claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

42. Any claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff relied did not constitute a misrepresentation of material facts.

43. Plaintiff did not rely on any alleged express or implied warranty.

44. Defendant specifically denies that it received any notice of any alleged breach of warranty from Plaintiff within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and Plaintiff is, therefore, barred from any recovery for such claims.

45. Plaintiff's claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

46. Plaintiff's claims for breach of warranty are barred in whole or in part because Plaintiff is not in privity with Defendant.

47. Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

48. Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

49. Defendant breached no warranty, express or implied, to Plaintiff.

50. Defendant specifically denies that it received notice of violations of the Texas Deceptive Trade Practices Act ("DTPA") as required by the terms of § 17.505 of the Texas Business & Commerce Code and Plaintiff's claim should be abated in its entirety until such notice is received.

51. Defendant expressly denies that any third party engaging in the acts alleged by Plaintiff were acting as Defendant's agent or servant, at the instruction of Defendant, or within Defendant's control. Therefore, Plaintiff's claims, to the extent she seeks

recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

52.     Plaintiff's claims are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

53.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Neurontin were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

54.     Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Neurontin was and is controlled by federal law. If Plaintiff's causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001). Plaintiff's claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

    (a)     any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

    (b)     any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or

violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)     any allegation that Neurontin was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)     any allegation that Defendant failed to give Plaintiff's healthcare providers adequate warnings concerning the risks associated with Neurontin; and/or

(e)     any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

55.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

56.     Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

57.     To the extent applicable, Plaintiff's claims for damages are barred, in whole or in part, by the doctrines of *res judicata* (claim preclusion) and/or collateral estoppel (issue preclusion).

58.     The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

59.     Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)     the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)     the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)     the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)     the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

60.     As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

(a)     is based, in whole or in part, on conduct which did not harm the Plaintiff;

(b)     is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)     is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)     is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiff; or

(e)     is grossly disproportionate to the harm suffered by Plaintiff.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State*

*Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

61.     Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery proceedings.  Defendant reserves the right to amend its answer and to further assert affirmative defenses.

## III.

### JURY DEMAND

Subject to its Motion to Transfer Venue, Defendant hereby demands a trial by jury.

## IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**


By:    */s/ J. Andrew Hutton*
          Kenneth J. Ferguson
          Attorney-in-Charge
          State Bar No. 06918100
          Leslie A. Benitez
          State Bar No. 02134300
          Susan E. Burnett
          State Bar No. 00794984
          Cedric E. Evans
          State Bar No. 00793707
          J. Andrew Hutton
          State Bar No. 24012878

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**OF COUNSEL:**
Scott W. Sayler
Douglas B. Maddock, Jr.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550
(816) 421-5547 [Fax]


**COUNSEL FOR DEFENDANT PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 4th day of May, 2007:

*__Via Certified Mail, Return Receipt Requested__*

Walter L. Boyaki
MIRANDA & BOYAKI
4621 Pershing Drive
El Paso, Texas 79903
*Attorneys for Plaintiff*

_____/s/ J. Andrew Hutton_____

CAUSE NO. 2007-1548

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES,<br>a minor, | § § § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § § | EL PASO COUNTY, TEXAS |
| v. | § § | |
| PFIZER, INC., | § § | |
| Defendant. | § § | 346th JUDICIAL DISTRICT |

## <u>NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL</u>

TO:   Mr. Gilbert Sanchez, District Clerk, El Paso County, Texas.

PLEASE TAKE NOTICE that Defendant Pfizer Inc. has filed its Notice of Removal to the United States District Court for the Western District of Texas, El Paso Division, a copy of which is attached hereto. Defendant hereby files a copy of the Notice with the Clerk of the District Court of El Paso County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: May 14, 2007.

Respectfully submitted,

CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Leslie A. Benitez
State Bar No. 02134300
Susan E. Burnett
State Bar No. 20648050
Cedric E. Evans
State Bar No. 00793707
J. Andrew Hutton
State Bar No. 24012878

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

OF COUNSEL:
Scott W. Sayler
Douglas B. Maddock, Jr.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550
(816) 421-5547 [Fax]

ATTORNEYS FOR DEFENDANT
PFIZER INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 14th day of May, 2007.

*Via Certified Mail/Return Receipt Requested*

Walter L. Boyaki
MIRANDA & BOYAKI
4621 Pershing Drive
El Paso, Texas 79903
*Attorney for Plaintiff*

CAUSE NO. 2007-1548

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES,<br>a minor, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiff, | §<br>§ | EL PASO COUNTY, TEXAS |
| v. | §<br>§ | |
| PFIZER, INC., | §<br>§<br>§ | |
| Defendant. | § | 346th JUDICIAL DISTRICT |

## <u>NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL</u>

TO:   Gloria Telles, by and through his attorney of record, Walter L. Boyaki, MIRANDA &
BOYAKI, 4621 Pershing Drive, El Paso, Texas 79903.

You will please take notice that Pfizer Inc., Defendant in the above-styled and numbered

cause originally filed in the 346th District Court of El Paso County, Texas, namely, *Gloria*

*Telles, Individually and as Next Friend of Jacob Telles, a minor v. Pfizer, Inc.,* Cause No. 2007-

1548, is filing in the United States District Court for the Western District of Texas, El Paso

Division, its Notice of Removal in the above-captioned cause from the said District Court of El

Paso County, Texas, to the United States District Court for the Western District of Texas, El

Paso Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Leslie A. Benitez
State Bar No. 02134300
Susan E. Burnett
State Bar No. 20648050
Cedric E. Evans
State Bar No. 00793707
J. Andrew Hutton
State Bar No. 24012878

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**OF COUNSEL:**
Scott W. Sayler
Douglas B. Maddock, Jr.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550
(816) 421-5547 [Fax]

**ATTORNEYS FOR DEFENDANT
PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 14th day of May, 2007.

*Via Certified Mail/Return Receipt Requested*

Walter L. Boyaki
MIRANDA & BOYAKI
4621 Pershing Drive
El Paso, Texas 79903
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES, a minor, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY REQUESTED |
| PFIZER, INC., | § § § | *Pending Transfer to MDL-1629*<br>*(In re Neurontin Marketing, Sales*<br>*Practices and Prods. Liab. Litig.)* |
| Defendant. | § | |

## LIST OF ATTORNEYS

**Attorneys for Plaintiff Gloria Telles**
Walter L. Boyaki
State Bar No. 02759500
MIRANDA & BOYAKI
4621 Pershing Drive
El Paso, Texas 79903
(915) 566-8688
(915) 566-5906 (Fax)

**Attorneys for Defendant Pfizer Inc.**
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Leslie A. Benitez
State Bar No. 02134300
Susan E. Burnett
State Bar No. 20648050
Cedric E. Evans
State Bar No. 00793707
J. Andrew Hutton
State Bar No. 24012878
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GLORIA TELLES, Individually and as<br>Next Friend of JACOB TELLES, a minor, | § <br> § <br> § | |
| Plaintiff, | § <br> § | CIVIL ACTION NO. _____ |
| | § <br> § | JURY REQUESTED |
| v. | § <br> § | |
| PFIZER, INC., | § <br> § <br> § | *Pending Transfer to MDL-1629*<br>*(In re Neurontin Marketing, Sales*<br>*Practices and Prods. Liab. Litig.)* |
| Defendant. | § | |

## <u>PARTIES REQUESTING TRIAL BY JURY</u>

Defendant Pfizer Inc. requested trial by jury in its Motion to Transfer Venue and, Subject Thereto, Original Answer